The judgment of the court was pronounced by
Slidell, J.
The plaintiff seeks to annul a judicial sale of his property made to the defendant under a writ of jfien facias. The only ground for annulling the sale which is urged in the brief of the plaintiff’s counsel is, that the sheriff’s advertisements were all posted in the town of Franklin, instead of being posted, one there, and the others in two places in the parish other than the town of Franklin. It appears from the evidence, that one advertisement was posted at the court-house, one at the post-office, and one at the store of Smith Sf Harris ; all in the town of Franklin. The court-house and post-office were of course places of public resort; that the store was a conspicuous and frequented place in that village, is also satisfactorily proved, and, indeed, is not disputed.
There was judgment in favor of the defendant, and the plaintiff has appealed. The plaintiff relies, in argument, upon the case of Pumphry v. Delahoussaye, 9 R. R. 42. That case was not overlooked in deciding the case of Fox v. Tio, in which we were called upon to interpret the statute of 6th April, 1843, and declined to adopt the construction given by our predecessors. We thought then, and still think, that the requisitions of the statute are satisfied by posting the advertisements at the court-house door and two other conspicuous and publicly frequented places in the parish, even though two or all of those places be in the *561 same village. That this interpretation does no violence to the language of the act, we think is clear; and it was a grave consideration with us then, as it is now, that the public officers charged with the duty of making judicial sales, had repeatedly acted upon that construction, and rights had been extensively acquired under that practice. Although we entertained great deference for the opinion of our predecessors, we had less reluctance in dissenting from it and following our own, when we considered that the latter tended to quiet, and the former to disturb, titles acquired in good faith under the actions of public officers.
For a more full consideration of the terms of the statute we refer to our former opinion. 1st Ann. 335.
The judgment of the district court is therefore affirmed, with costs.